IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                    CASE NO.: 1:12cr6-SPM

LEE CONDER JAMES,

        Defendant.

_____/

## ORDER GRANTING MOTION TO SUPPRESS DEFENDANT'S STATEMENTS

This cause comes before the Court on two motions to suppress filed by
Defendant Lee Conder James.  Doc. 69 and 73.  Both motions concern post-
arrest statements that Defendant made to Wayne Andrews, an agent of the Drug
Enforcement Administration (DEA).

Defendant's first motion to suppress will be denied because the evidence
at the hearing does not support Defendant's contention that Agent Andrews
interrogated Defendant at the DEA office after Defendant requested to speak to
an attorney.  The evidence at the hearing made clear that the only statements
Defendant made to Agent Andrews occurred at the roadside where Defendant
was handcuffed after a traffic stop.  Moreover, it appears that Defendant has
abandoned his first motion upon receiving from the Government a video and

audio recording of the traffic stop, as well as clarification that Defendant's statements were made at the roadside and not at the DEA office.

Defendant's second motion to suppress challenges the sufficiency of Agent Andrews' roadside Miranda[1] warnings.  Miranda requires four warnings to be given to a suspect before custodial interrogation takes place.  These warnings are accurately stated on the DEA form 13A card that agents carry with them.  The card reads as follows:

Before we ask you any questions, you must understand:

– You have the right to remain silent.

–  Anything you say can be used against you in court.

– You have the right to talk to a lawyer for advice before we ask you any questions and to have a lawyer with you during questioning.

– If you cannot afford a lawyer, one will be appointed for you before any questioning, if you wish.

Do you understand?

 Are you willing to answer some questions?

United States v. Acosta, 807 F. Supp. 2d 1154, 1173 (N.D. Ga. 2011).

The problem in this case arises because Agent Andrews did not read Defendant the warnings as stated on his Miranda card.  Although he took the card out at roadside and held it, Agent Andrews gave an abbreviated version of the

---

[1] Miranda v. Arizona, 384 U.S. 436, 471 (1966).

CASE NO.: 1:12cr6-SPM

warnings that Defendant contends omitted essential information from the third warning.  The warnings Agent Andrews gave to Defendant are as follows:

– You have the right to remain silent.

– Anything you say can be used against you in a court of law.

– You have the right to talk to a lawyer for advice.

– If you cannot afford one, one will be appointed for you.

– Do you understand these rights?

The United States Supreme Court has never dictated the exact language to be used in giving the Miranda warnings.  <u>Florida v. Powell</u>, ___ U.S. ___, 130 S.Ct. 1195, 1204 (2010).   Any wording will do so long as it reasonably conveys the essential message.  <u>Id.</u>  With respect the third Miranda warning, the Court has acknowledged that "an individual must be 'clearly informed,' prior to custodial questioning, that he has, among other rights, 'the right to consult with a lawyer and to have the lawyer with him during interrogation.'" <u>Id.</u> at 1204.

The issue presented in Defendant's motion is whether the third Miranda warning is adequate if it advises a defendant generally of the a right to a lawyer, without specifying that the defendant can talk with the lawyer before questioning and have the lawyer present during questioning.  The United States Supreme Court has not addressed this precise issue.  Neither has the Eleventh Circuit Court of Appeals.

The decisions from the other Courts of Appeals are divided. The Second,

Fourth, Seventh, and Eighth Circuits indicate that a general warning to a defendant that he has the right to a lawyer will suffice. See Daria K. Boxer, Miranda with Precision: Why the Current Circuit Split Should be Solved in Favor of a Uniform Requirement of an Explicit Miranda Warning of the Right to Have Counsel Present During Interrogation, 37 Sw. U. L. Rev. 425 (2008). On the other hand, the Fifth, Ninth, and Tenth[2] Circuits require a Miranda warning to specify the right to have a lawyer present during interrogation. Id.[3]

The line of authority that this Court must follow is that of the Fifth Circuit Court of Appeals. The decision in Atwell v. United States, 398 F.2d 507 (5th Cir. 1968) is binding upon this Court because the Eleventh Circuit has adopted pre-1981 Fifth Circuit precedent. Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981).

At issue in Atwell was the sufficiency of a Miranda warning that advised the

---

[2]  In addition to the cited opinion in United States v. Anthon, 648 F.2d 669, 672-74 (10th Cir. 1981), see also United States v. Oliver, 421 F.2d 1034, 1038 (warning deficient because it did not include right to consult with counsel prior to and during interrogation).

[3]  Although the comment includes the Sixth Circuit's opinion in Tilman to require a specific warning of the right to have counsel present during interrogation, the Tilman opinion only noted the issue in passing. United States v. Tillman, 963 F.2d 137, 140 (1992) (acknowledging the defendant's argument that he should have been advised that "he was entitled to an attorney *during* questioning in addition to before questioning."). The decision in Tilman seems to be based on a different Miranda deficiency–"Defendant was never told that any statements that he would make could be used against him." Id. at 141.

defendant of the "right to consult with an attorney, anyone of his choosing at any time . . . ." <u>Atwell</u>, 398 F.2d at 509 n.8. The court found that this warning was deficient because it failed to advise the defendant that "he was entitled to have the benefit of advice of counsel before, and counsel present during, the interrogation . . . ." <u>Id.</u> at 510. The court explained:

> 'At anytime,' in its usually accepted connotation in ordinary everyday affairs, can be said to embrace the full span of any course of events. But dealing with the Constitutional rights of an accused at the preliminary stage of the in-custody interrogation process is not commonplaced. 'Anytime' could be interpreted by an accused, in an atmosphere of pressure from the glare of the law enforcer and his authority, to refer to an impending trial or some time or event other than the moment the advice was given and the interrogation following.

<u>Id.</u> at 510. The court noted Miranda's directive "that an individual held for interrogation must be clearly informed that he has the right to consult with a lawyer and to have the lawyer with him during interrogation" and reasoned that without a specific warning, it could not conclude that the defendant was advised of this right. <u>Id.</u>

Likewise in this case, without a specific warning to Defendant of his right to consult with a lawyer before and during any questioning, the Court cannot conclude that the Miranda warning was adequate. The Fifth's Circuit's binding opinion in <u>Atwell</u> compels this conclusion.

Moreover, the various arguments made by the Government concerning the sufficiency of the warning do not withstand scrutiny under the governing law. The

Government suggests that it was unnecessary for Agent Andrews to give the

Miranda warning because Defendant acknowledged that he was aware of his

rights when initially asked by Agent Andrews. This was before Agent Andrews

explained those rights. The Government also notes that when asked by Agent

Andrews, Defendant acknowledged his criminal history. Considering all of the

circumstances, the Government argues, Defendant was aware of his rights and it

was unnecessary for Agent Andrews to explain them more fully.

Prior awareness of one's rights, however, has never been an exception to

giving warnings required under Miranda. In fact, the Court has recognized that

"[t]he disadvantage of the <u>Miranda</u> rule is that statements which may be by no

means involuntary, made by a defendant who is aware of his 'rights,' may

nonetheless be excluded . . . ." <u>Dickerson v. United States</u>, 530 U.S. 428, 444

(2000). "[T]he <u>Miranda</u> rule creates a presumption of coercion, in the absence of

specific warnings, that is generally irrebuttable for purposes of the prosecution's

case in chief." <u>United States v. Patane</u>, 542 U.S. 630, 639 (2004). The rule is

designed to be simple to follow: "if the police take a suspect into custody and

then ask him questions without informing him of the rights . . . his responses

cannot be introduced into evidence to establish his guilt." <u>Berkemer v. McCarty</u>,

468 U.S. 420, 429 & 430 (1984).

As an additional argument for the validity of the warning given by Agent

Andrews, the Government relies on the Eleventh Circuit's opinion in <u>Contreras</u>,

and specifically its statement that "[a] Miranda warning need not explicitly convey to the accused his right to appointed counsel 'here and now' . . . ." <u>United States v. Contreras</u>, 667 F.2d 976, 978 (11th Cir. 1982).  The <u>Contreras</u> case is not helpful, however, because the third <u>Miranda</u> warning was fully given.  Both the DEA and customs' office warnings given in <u>Contreras</u> specifically informed the defendant of his right to consult with an attorney before questioning and to have the attorney present during questioning.  The customs' office warning informed the defendant that: "You have the right to consult your attorney before making any statement or answering any question, and you can have your attorney present while we interrogate you."  <u>Id.</u> at 978.  The DEA warning was almost identical: "You have the right to consult an attorney before making any statement or answering any question posed to you, and he can be present at the interrogation." <u>Id.</u>

At issue in <u>Contreras</u> was whether the fourth <u>Miranda</u> warning conditioned the right to counsel to some future court event.  <u>Id.</u> at 978-79.  The customs' office fourth warning advised the defendant: "If you want an attorney but cannot pay for one on your own, the United States Magistrate in this city or in the Federal Court will assign you an attorney free of charge."  <u>Id.</u> at 978.  The DEA warning read "You have the right to be represented by an attorney who will be appointed by the United States federal magistrate or court in the event of insolvency on your part."  <u>Id.</u>  The fourth warning's explanation of the timing and place of appointment

of counsel is accurately conveyed because counsel is typically appointed at a defendant's initial appearance in court.  See Duckworth v. Eagan, 492 U.S. 195, 204 (1989).  Moreover, the fourth warning did nothing to undercut the third warning's clear advice.

The Eleventh Circuit, relying on the Supreme Court's opinion in California v. Prysock, 435 U.S. 355, 360 (1981), ruled that the warning was sufficient because it "did not suggest 'any limitation on the right to the presence of appointed counsel different from the clearly conveyed rights to a lawyer in general,' *including the right to a lawyer prior to and during any questioning*."  Id. at 979 (emphasis supplied). The Eleventh Circuit noted that "[b]oth the customs and DEA warnings informed [the defendant] of his right to consult with an attorney prior to questioning, to have an attorney present during questioning, and to have counsel appointed."  Id.

In this case, however, Agent Andrews never specifically warned Defendant that he could talk to any attorney prior to answering any questions and consult with the attorney during questioning.  Under binding precedent, he omitted an essential part of the third Miranda warning.  And because the Miranda warning was not properly given, the Defendant's statements cannot be used against him by the Government in its case-in-chief.  Accordingly, it is

ORDERED AND ADJUDGED:

1.    Defendant's second motion to suppress (doc. 73) is granted.

2.     Defendant's first motion to suppress (doc. 69) is denied.

DONE AND ORDERED this 15th day of June, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge