IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO.: 1:12cr6-SPM

LEE CONDER JAMES,

    Defendant.
_____/

## **ORDER GRANTING MOTION TO EXCLUDE PRIOR CONVICTIONS**

This cause comes before the Court on the Government's Notice of Intent to Use 404(b) Evidence of Prior Convictions (doc. 77) and Defendant Lee Conder James' Motion to Exclude Evidence of Prior Convictions (doc. 80). For the following reasons, evidence of the prior convictions will be excluded.

Defendant is charged with possession with intent to distribute more than 100 kilograms of marijuana and conspiracy to do the same. The conspiracy is alleged to have occurred from November 17, 2010 through February 8, 2012. According to the criminal complaint (doc. 2), Defendat was hired by co-defendants James Ray Williams and Barbara Lyn Jankowski to offload and break down large crates of marijuana that arrived at a warehouse that they rented under the business name of Loudellas Furniture. Williams stated that he received approximately 900 pounds of marijuana at the warehouse by Fed Ex shipment

every two weeks. Williams paid Defendant $1,500 every two weeks for unloading the marijuana, unpacking it, and loading it into a van.

The prior convictions the Government seeks to introduce under Rule 404(b) are for Sale and Possession of Cocaine, Case Numbers 00-CF-4299, 00-CF-4300, and 93-CF-2921; and Possession of Cocaine, Case Numbers 87-CF-140. There is no other information provided about the prior convictions.

A defendant's prior conviction is admissible under Rule 404(b) as "proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." Fed. R. Evid. 404(b)(2). A three part test applies.

> First: The conviction must be relevant to an issue other than propensity or bad character.
>
> Second: There must be enough proof for a jury to find that the defendant committed the acts.
>
> Third: The probative value of the evidence cannot be substantially outweighed by undue prejudice, and the evidence must meet the other requirements of Rule 403.

United States v. Giordano, 261 F.3d 1134, 1140 (11th Cir. 2001).

The Government has no problem meeting the first part of the test regarding relevance. Defendant's not guilty plea to the charges in this case renders his intent a material issue. United States v. Matthews, 431 F.3d 1296, 1311 (11th Cir. 2005). It has long been established that "evidence of prior drug dealings is highly probative of intent to distribute a controlled substance . . . ." Id. (quoting other

cases). Even though different drugs are involved with the instant offense and the prior convictions, "virtually any prior drug offense [is] probative of the intent to engage in a drug conspiracy." Id. The Government has therefore satisfied the first part of the 404(b) standard by demonstrating that the prior acts are relevant to prove intent. The problem with admission lies with the other parts of the test.

Defendant states that the prior convictions were the result of nolo contendere pleas. To meet the second part of the test, the Government must show that there is enough proof for a jury to find that the defendant committed the acts that led to his convictions. To make this showing, the Government must present evidence in addition to the nolo contendere pleas. United States v. Wyatt, 762 F.2d 908, 911 (11th Cir. 1985). The Government's motion does not describe any such evidence, so it has not satisfied the second part of the 404(b) standard.

Finally, the third part of the test requires that the probative value of the evidence cannot be substantially outweighed by unfair prejudice to the defendant. "In determining whether [the third] part of the test is satisfied, a court should consider the differences between the charged and extrinsic offenses, their temporal remoteness, and the Government's need for the evidence to prove intent." United States v. Dias-Lizaraza, 981 F.2d 1216, 1225 (11th Cir. 1993). An evaluation of these factors demonstrates that the probative value of the evidence is substantially outweighed by unfair prejudice to Defendant.

Although very little information is provided about the prior convictions, there appear to be significant differences between the present case and the prior convictions. First, the prior convictions involved cocaine, whereas this case involves marijuana. Second, this case involves a large scale drug operation and a conspiracy with co-defendants, but there is no indication that the prior convictions arose from such activity. Third, it does not appear that the prior convictions involved offloading shipments of drugs, in contrast to the charges in this case. So while this case and the prior convictions have a common factor of illegal drugs, the similarity stops there.

As to temporal remoteness, two of the four prior convictions the Government seeks to introduce into evidence concern conduct that occurred about twelve years ago. The other convictions arose from conduct nineteen years ago and twenty-five years ago. Convictions that are ten, thirteen, and fifteen years old, have been deemed admissible under rule 404(b). United States v. Lampley, 68 F.3d 1296, 1300 (11th Cir. 1995). Nevertheless, the passage of time has a diminishing effect on probative value. Matthews, 431 F.3d at 1311.

The third factor concerns the Government's need for the evidence to prove intent. The court recognizes "the special difficulty of proving intent" in drug cases. Diaz-Lizaraza, 981 F.2d at 1225. In the absence of any "overwhelmingly credible" witness to testify about a defendant's intent, the

government's need for a prior conviction to prove intent is not questioned. Id. But in this case, the Government has the testimony of two co-defendants who will testify that Defendant was paid $1,500 every two weeks for unloading the marijuana, unpacking it, and loading it into a van. The testimony is supported by other evidence in the case, including surveillance by law enforcement of Defendant using a forklift at the warehouse to offload a large crate from a FedEx truck. Inside the warehouse, the surveillance showed only two broken crates and a forklift–not what one would expect to see at an actual furniture business.

Despite the surveillance and the testimony of the co-defendants, Defendant may argue at trial that he did not know the crates contained marijuana. The Court recognizes the Government's need to prove that Defendant in fact knew that the crates contained marijuana. But small-scale cocaine offenses that occurred twelve, nineteen, and twenty-five years ago have no probative value as to this issue. None of the prior convictions involved crates of marijuana disguised as a shipment to a legitimate business. Nor is there any indication that Defendant's past offenses involved any kind of conspiracy.

In proving the intent at issue in this case, Defendant's four prior cocaine convictions would add little to the body of evidence against him. See United States v. Lamons, 532 F.3d 1251, 1266 (11th Cir. 2008) (measuring probative value of the evidence "in terms of the incremental significance to the

Government's case" and considering whether the evidence was "cumulative or of marginal value to the Government's case"). On the other hand, evidence of the prior convictions is likely to result in significant undue prejudice to Defendant.[1]

Allowing the Government to admit the prior convictions in this case, given the age of the prior convictions and the lack of similarity to the circumstances in this case "would effectively create a per se rule of admissibility of any prior drug conviction in drug conspiracy cases–no matter how old or how different." United States v. Sanders, 668 F.3d 1298, 1315 (11th Cir. 2012). There is no such rule of per se admissibility. Id.

Moreover, the prior conviction evidence creates a risk of confusing the issues and wasting time because the Government would need to present evidence in addition to the nolo contendere pleas to demonstrate that Defendant in fact committed the acts to which he pleaded nolo contendere. United States v. Wyatt, 762 F.2d 908, 911 (11th Cir. 1985). It would not be productive to the resolutions of the charges in this case to add issues about whether Defendant committed the four prior offenses many years ago.

---

[1] See United States v. Matthews, 431 F.3d 1296, 1314 n.1 (11th Cir. 2005) (Tjoflat, J., specially concurring) ("[T]he line between evidence admitted to demonstrate intent and evidence admitted to demonstrate propensity is hardly clear . . . . If the inferential chain must run through the defendant's character–and his or her predisposition towards a criminal intent–the evidence is squarely on the propensity side of the elusive line.").

Based on the foregoing, it is

ORDERED AND ADJUDGED: Defendant Lee Conder James' Motion to Exclude Evidence of Prior Convictions (doc. 80) is granted. The Government shall not present evidence of the prior convictions in its case-in-chief.

DONE AND ORDERED this 13th day of July, 2012.

*s/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge